**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY      19-cv-8420 (JGK)
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY      MEMORANDUM OPINION
FUND, ET AL.,                             AND ORDER**

                **Petitioners,**

      - against -

**DREAMLAND CONSTRUCTION, INC.,**

                **Respondent.**

---

**JOHN G. KOELTL, District Judge:**

There are four petitioners in this case: (1) Trustees of the New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund ("ERISA Funds"); (2) Trustees of the New York City Carpenters Relief and Charity Fund ("Charity Fund"); (3) Carpenter Contractor Alliance of Metropolitan New York ("CCA Metro," together with the ERISA Funds and Charity Fund, "Funds"); and (4) New York City District Council of Carpenters ("Union"). The Funds and the Union petition to confirm an arbitration award pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and move this Court to confirm the arbitration award, as well as award attorney's fees, costs, and

post-judgment interest at the statutory rate and other relief as is just and proper.

The Trustees of the ERISA Funds are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. Pet. ¶ 4. The trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). Id. The Trustees of the Charity Fund are trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). Id. at ¶ 5. CCA Metro is a New York not-for-profit corporation. Id. at ¶ 6. The New York City District Council of Carpenters is a labor union within the meaning of the LMRA, represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, 29 U.S.C § 142, and is the certified bargaining representative for certain employees of the respondent. Id. at ¶ 7. The respondent, Dreamland Construction, Inc., is a corporation incorporated in New York. Id. at ¶ 8. The respondent is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Id. The respondent has not opposed the petition. For the following reasons, the petition is **granted.**

## I.

The following uncontested facts are taken from the complaint and evidence submitted in support of the petition.

On or about August, 2012, and September, 2013, the respondent entered into a Project Labor Agreement Covering Specified Renovation & Rehabilitation of City Owned Buildings ("PLA"). Id. at ¶ 9. The PLA incorporated the Collective Bargaining Agreement between the Building Contractors Association, Inc. and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO ("CBA"). Id. at ¶ 11; Pet. Ex. B.[1] The CBA requires that the respondent remit contributions to the Funds for every hour worked by its employees within the trade and geographical jurisdiction of the Union and furnish its books and records to the Funds upon request for the purposes of auditing such contributions. Pet. ¶¶ 12-13.

The CBA also binds employers to the Funds' Collection Policy. Id. at ¶ 14.[2] The Collection Policy states "[i]n the event that an employer refuses to permit a payroll review and/or audit . . . the Fund Office shall determine the estimated amount of the employer's delinquent contributions based on the . . .

---

[1] The PLA was signed in December, 2009, and incorporated the CBA that was valid from July 1, 2006 to June 30, 2011. Pet. Ex. B. The CBA attached to the petition was valid from July 1, 2011 to June 30, 2015, and was later extended to May 31, 2018. Pet. Ex. D. The Court assumes that the CBA attached was the same in substance as the CBA incorporated into the PLA.

[2] The petitioners cite to Section 3 of Article XVI of the CBA for the proposition that the respondent was bound to the Funds' Collection Policy. Pet. ¶ 14. Section 3 of Article XVI binds employers to the terms and conditions of the "Agreements and Declarations of Trust . . . and by all By-Laws adopted to regulate [the] Funds." The Court accepts the petitioners' representation that the Collection Policy is considered such an agreement, declaration, or by-law.

highest number of average hours reported per week for any period of four consecutive weeks during the audit period." Id. at ¶ 15. The CBA provides that in the event that a "dispute or disagreement arise between the parties hereto . . . concerning any claim arising from payments to the Fund of principal and/or interest which is allegedly due, either party may seek arbitration of the dispute before the impartial arbitrator." Id. at ¶ 16. The CBA and Collection Policy provide that, should the Funds be required to arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect, in addition to the delinquent contributions: (1) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (2) liquidated damages in the amount of twenty percent (20%) of the unpaid contributions; and (3) reasonable costs and attorneys' fees incurred by the Funds in collecting the delinquencies. Id. at ¶ 17.

This dispute arose when the respondent failed to grant the Funds access to its books and records to conduct an audit covering the period beginning March 28, 2015. Id. at ¶ 18. Pursuant to the Collection Policy, the Funds determined that the respondent's estimated delinquent contributions were $63,631.68. Id. at ¶ 19. Pursuant to the CBA's arbitration clause, the petitioners initiated arbitration before the designated arbitrator, Roger E. Maher. Id. at ¶ 20. The arbitrator provided

4

notice of the hearing on March 18, 2019, Pet. Ex. F, and the hearing was held on July 10, 2019, Pet Ex. G. The respondent did not appear at the hearing. Id.

The arbitrator examined the evidence and stated that the uncontroverted testimony and evidence established that the respondent was bound to the CBA, which became effective on September 25, 2013. Id. The arbitrator also examined the evidence of a summary report of the estimated amount due of $63,631.68, and determined that the respondent violated the CBA when it failed to permit the Funds auditors to examine its books and records. Id. On July 15, 2019, the arbitrator ordered the respondent to pay the Funds the sum of $88,141.92, consisting of (a) principal of $63,631.68; (b) interest of $9,383.90; (c) liquidated damages of $12,726.34; (d) court costs of $400; (e) attorney's fees of $1,500; and (f) arbitrator's fees of $500. Id. The arbitrator also found that interest would accrue at an annual rate of 7.5% from the date of the award. Id. The petitioners contend that the respondent has failed to pay any portion of the award. Pet. ¶ 24.

The petitioners seek to confirm the award issued by the arbitrator. In addition, they ask the Court to approve (i) attorney's fees totaling $1,567.50 and court costs totaling

$70, arising out of this petition and (ii) post-judgment interest at the statutory rate.

## II.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 597). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the decision. United States Steel and Carnegie Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985); see also Trustees of New York City Dist. Council of Carpenters Pension Fund v. Stop & Work Constr., Inc., No. 17CV5693, 2018 WL 324267, at *2 (S.D.N.Y. Jan. 5, 2018).

The Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to

6

confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**III.**

In this action, the arbitrator took into account the undisputed representations and evidence presented by the petitioners that the respondent failed to make its books and records available for audit, which violated the parties' agreement. The record also established that the arbitrator based

7

his award on the various provisions of the CBA and Collection policy. For example, the arbitrator found that the petitioners were entitled to $12,726.34 in liquidated damages, which pursuant to the terms of the CBA and Collection Policy, was 20% of the unpaid contribution amount of $63,631.68. There is nothing in the substance of the arbitrator's decision to show that the award was illegitimate. Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, the Court finds that there is no dispute of material fact and that the arbitrator's award should be confirmed.

**IV.**

The petitioners also ask the Court to approve (i) attorney's fees totaling $1,567.50 and court costs totaling $70, arising out of this petition and (ii) post-judgment interest at the statutory rate.

Courts in this district have observed that "courts have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." <u>Trustees of New York Dist. Council of Carpenters Pension Fund v. All. Workroom Corp.</u>, No. 13CV5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting <u>Abondolo v. H. & M.S. Meat Corp.</u>, No. 07CV3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)

8

(collecting cases) (internal quotation marks omitted)). Reasonable attorney's fees are calculated according to the lodestar method, which requires multiplying the number of hours reasonably expended by a reasonable hourly rate. See McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006) (per curiam).

In support of the petitioners' claim for attorney's fees for the costs arising out of this petition, the petitioners' counsel submitted a summary of tasks completed and time billed, totaling 5.7 hours of work. Pet. Ex. H. The petitioners' counsel billed $275 per hour for the two attorneys on the case: a partner who joined the firm in 2015 and an associate who joined the firm in 2019. Id. These rates are reasonable given the prevailing rates in this district. See Drywall Tapers & Pointers of Greater New York Local Union 1974, IUPAT, AFL-CIO v. Visual Acoustics, LLC, No. 17CV5431, 2018 WL 1596196, at *3 (S.D.N.Y. Mar. 29, 2018) (finding a $300 per hour rate for associate attorney reasonable); see also Trustees of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Clear It Out Contracting LLC, No. 19CV1188, 2019 WL 2171233, at *3 (S.D.N.Y. May 20, 2019) (approving law clerk rate of $275 per hour). Because the rates billed and time expended on this action by the petitioners' counsel are

9

reasonable, the Court grants the petitioners' request for $1,567.50 in attorney's fees.

Court costs for service fees are routinely permitted, and the Court grants the total requested court costs and disbursements of $70. See New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 16CV1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases).

The petitioners are also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered.") (citing 28 U.S.C. § 1961(a)).

**CONCLUSION**

The Clerk of Court is directed to enter judgment granting the petition to enforce the arbitration award dated July 15, 2019, in the amount of $88,141.92, plus interest from the date of the arbitration award, namely July 15, 2019, accrued at an annual rate of 7.5% until the date of judgment. The Clerk is also directed to enter judgment in favor of the petitioners and against the respondent in the amount of $1,567.50 in attorney's fees and $70 in costs. Post-judgment interest on the entire amount of the judgment will accrue from the date of the judgment at the rate provided by 28 U.S.C. § 1961(a). The Clerk is further directed to close this case.

**SO ORDERED.**

**Dated:    New York, New York
           January 11, 2020**

                                            _/s/ John G. Koeltl_
                                            **John G. Koeltl
United States District Judge**